268006

*Electronically Filed*
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:22-cv-62-BJB

POWERCOIN, LLC                                                                                                    PLAINTIFF

v.                                         **ANSWER TO COMPLAINT**

MCCRACKEN COUNTY SHERIFF'S DEPARTMENT
SHERIFF MATT CARTER
DETECTIVE KYLE SERATT
COMMONWEALTH ATTORNEY DAN BOAZ
KAYLEE TRAMMELL                                                                                              DEFENDANTS

Come the Defendants, McCracken County Sheriff's Department, Sheriff Matt Carter and Detective Kyle Seratt, hereinafter "Defendants," by and through counsel, and for their Answer to Plaintiff's Complaint state as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed.

## SECOND DEFENSE

Responding to the individually numbered paragraphs of Plaintiff's Complaint, Defendants state as follows:

### COUNT I

1.      Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraphs 1, 2, 3, 4, 5, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 43, 44, 52, 55, 59, 60, 64, 65, 69, 72, 77, 78, 79, 84, 85, 86, 87, 92 and 94 of Plaintiff's Complaint, and therefore deny same.

2.  Defendants deny the allegations set forth in paragraphs 32, 33, 35, 36, 45, 46, 51, 53, 54, 56, 57, 58, 61, 62, 63, 66, 67, 68, 70, 71, 73, 74, 75, 76, 80, 81, 83, 87, 88, 89, 90, 91, 93 and 95 of Plaintiff's Complaint.

3.  Defendants admit the allegations set forth in paragraphs 29, 30, 31, 34, 35, 38 and 39 of Plaintiff's Complaint.

4.  As to paragraph 6, Defendants admit that the McCracken County Sheriff's Department was created under the authority of the laws of this Commonwealth and exists for the purpose of law enforcement in McCracken County. Defendants deny that the McCracken County Sheriff's Department is a suable entity.

5.  As to paragraph 7, Defendants deny that Sheriff Matt Carter is responsible for the conduct of Defendant Kyle Seratt. Defendants have insufficient knowledge to admit or deny whether Sheriff Carter is sued in both his individual and official capacities and therefore deny same. Defendants admit the remaining allegations set forth in paragraph 7.

6.  As to paragraph 8, Defendants admit that Defendant Seratt was a detective employed with the McCracken County Sheriff's Department. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 8 and therefore deny same.

7.  As to paragraph 11, Defendants deny that the McCracken County Sheriff's Department is liable under the doctrine of respondeat superior for any tortuous actions set forth in the Complaint. Defendants admit that Carter and Seratt were employed by the McCracken County and were acting within the scope of their employment. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 11, and therefore deny same.

8. As to paragraph 37, Defendants admit that Seratt stated the quoted language in the Affidavit for Search Warrant. Defendants deny the remaining allegations set forth in paragraph 37.

9. As to paragraph 40, Defendants admit that Defendant Seratt sought advice on whether to return the money retrieved from PowerCoin's kiosk to Defendant Trammel. Defendants deny the remaining allegations set forth in Paragraph 40.

10. As to paragraph 41, Defendants admit that on October 21, 2021, James C. Mills, Esq., acting as an Assistant Commonwealth Attorney on behalf of Defendant Boaz, directed Defendant Seratt to return the $14,800 seized from PowerCoin's kiosk to Defendant Trammel. Defendants deny the remaining allegations set forth in paragraph 41.

11. As to paragraph 42, Defendants admit that James Mills stated the quoted language in his letter to Defendant Seratt. Defendants deny the remaining allegations set forth in paragraph 42.

12. As to paragraph 47, Defendants deny that PowerCoin "once again" stated as alleged in Paragraph 47. Defendants admit the remaining allegations set forth in paragraph 47.

13. As to paragraph 48, Defendants admit that Defendant Trammel was requested to return the money until it was determined who was the rightful owner of the money. Defendants deny the remaining allegations set forth in paragraph 48.

14. As to paragraph 49, Defendants admit that Defendant Trammel did not return the money to any Defendant. Defendants deny the remaining allegations set forth in paragraph 49.

15. As to paragraph 50, Defendants admit that Defendant Trammel did not return the money to any Defendant. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 50 and therefore deny same.

16. As to paragraph 82, Defendants admit that at some point PowerCoin made a demand for the return of the $14,800 but Defendants deny that they refused to return the money because, at that time, the money was not in the possession of these Defendants.

**Any and all allegations not specifically admitted herein are denied.**

### THIRD DEFENSE

Defendants plead sovereign immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FOURTH DEFENSE

Defendants plead absolute immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### FIFTH DEFENSE

Defendants plead qualified immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### SIXTH DEFENSE

Defendants plead qualified official immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

### SEVENTH DEFENSE

Defendants plead waiver, collateral estoppel, and *res judicata* as affirmative defenses to the allegations contained in Plaintiff's Complaint.

### EIGHTH DEFENSE

Defendants hereby plead the doctrine of legislative immunity as a complete defense to Plaintiff's Complaint.

### NINTH DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations.

### TENTH DEFENSE

Defendants assert that Plaintiff has not been denied any right or privilege guaranteed by the Constitution or the laws of the United States of America.

### ELEVENTH DEFENSE

Plaintiff's Complaint is barred by the provisions of KRS 65.200 *et seq.*

### TWELTH DEFENSE

The court lacks personal and subject matter jurisdiction over the Defendants and should, therefore, dismiss the Plaintiff's Complaint.

### THIRTEENTH DEFENSE

As an affirmative defense, Defendants plead failure to exhaust administrative remedies.

### FOURTEENTH DEFENSE

Plaintiff's Complaint is barred in part or in whole by the doctrines of collateral estoppel (issue preclusion).

### FIFTEENTH DEFENSE

At all times complained of, Defendants acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to their conduct and with an objectively reasonable belief that their actions were lawful.

### SIXTEENTH DEFENSE

The damages alleged by Plaintiff was caused and brought about by an intervening and superseding event over which Defendants had no control or responsibility, and Defendants are without fault, and plead and rely upon the same as a complete or partial bar to the Plaintiff's claims.

### SEVENTEENTH DEFENSE

Defendants hereby invoke the defense of advice of counsel.

## EIGHTEENTH DEFENSE

Defendants plead prosecutorial immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

## NINETHEENTH DEFENSE

Defendants reserve the right to plead further herein and specifically reserve the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

WHEREFORE, Defendants pray that Plaintiff's Complaint against them be dismissed with prejudice, that they be awarded their reasonable attorney's fees herein, and that they be granted all other relief to which they may appear entitled.

Respectfully submitted,

KEULER, KELLY, HUTCHINS &
BLANKENSHIP, & SIGLER, LLP
100 South 4th Street, Suite 400
Paducah, KY 42001
Phone: 270-448-8888
Fax: 270-448-0998

By: /s/ Stacey A. Blankenship
    Stacey A. Blankenship
    Kristen N. Worak

*Attorneys for Defendants McCracken County Sheriff's Department, Sheriff Matt Carter and Detective Kyle Seratt*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I filed the foregoing with the Clerk of U.S. District Court using the CM/ECF filing system, which will send electronic notice to the following:

BRIAN S. KATZ, ESQ.
KATZ LAW
2226 BROADWAY, SUITE 1
P.O. BOX 2903
PADUCAH, KENTUCKY 42002-2903
Tel.: 270-575-3939
Email: brian@brianskatz.com
*Attorney for Plaintiff*

CHRISTOPHER D. WIEST
25 TOWN CENTER BLVD., SUITE 104
CRESTVIEW HILLS, KY 41017
Tel.: 513-257-1895
Fax: 859-495-0803
Email: chris@cwiestlaw.com
*Attorney for Kaylee Trammell*

And sent a copy via U.S. mail to:

COMMONWEALTH ATTORNEY DAN BOAZ
C/O ATTORNEY GENERAL DANIEL CAMERON
700 CAPITAL AVENUE, SUITE 118
FRANKFORT, KY 40601

On this 13th day of July, 2022.


By: /s/ Stacey A. Blankenship
      Stacey A. Blankenship